```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**CURTIS RUSH,**

                        Petitioner,

          v.                          CASE NO. 05-3102-SAC

**STATE OF KANSAS,**

                        Respondent.


**O R D E R**

      By its order of March 11, 2005 (Doc. 3), the court directed petitioner to submit a financial statement in support of his motion for leave to proceed in forma pauperis. Petitioner filed a response and attached receipts reflecting a negative balance in his institutional account. The court concludes petitioner lacks the financial resources to pay the filing fee in this matter and grants the motion for leave to proceed in forma pauperis.

      In this action, petitioner seeks mandamus relief, alleging that he was denied a timely preliminary hearing and a speedy trial following his arrest on June 13, 2004. He seeks damages.

      First, to the extent petitioner seeks mandamus relief, his request must be denied. The federal courts have no authority to issue a writ of mandamus to a state official. <u>Van Sickle v.</u>

Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986).

Because petitioner appears to challenge the constitutionality of his continued pretrial detention, the court has considered whether this matter might proceed as a petition for habeas corpus. A state pretrial detainee may seek federal habeas corpus relief to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973). However, regardless of the relief he seeks, petitioner must exhaust available state court remedies. See Capps v. Sullivan, 13 F.3d 350, 354 n.2 (10th Cir. 1993)(noting case law under 28 U.S.C. 2241, the general habeas corpus statute, requires federal courts to abstain from considering pretrial petitions where the issues may be resolved by state procedures). It does not appear that petitioner has presented his claims to the state courts.

Finally, to the extent petitioner seeks damages, his request is premature. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court considered when a prisoner may commence a civil action relating to a conviction or sentence. The court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus.... 512 U.S. at 486-87 (footnote omitted).

The court concludes petitioner's request for damages based upon a claim of unlawful delay in conducting criminal proceedings must be dismissed without prejudice under the rationale of Heck. See Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9th Cir. 1996) and Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996)(applying Heck v. Humphrey to actions filed by pretrial detainees).

IT IS THEREFORE ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED this matter is dismissed without prejudice to allow petitioner to pursue state court remedies.

IT IS FURTHER ORDERED the petitioner's request for damages is denied as premature.

IT IS FURTHER ORDERED petitioner's motion for an order directing jail authorities to provide him with greater access to legal materials (Doc. 7) is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 28th day of April, 2005, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW

3

U.S. Senior District Judge